IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MERLIN LKENT WILLIAMS**                                            **PLAINTIFF**

**v.**                                              **CIVIL CASE 1:24-cv-00175-TBM-BWR**

**STATE OF MISSISSIPPI et al.**                                      **DEFENDANT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT are the Complaint [1], "Petition for Release" [3], "Motion to Show Cause" [4], and "Motion Seeking Prospective Equitable Relief as a Permanent Injunction" [6], filed by Plaintiff Merlin Lkent Williams, who is proceeding *pro se* and *in forma pauperis*. A liberal review of these filings [1] [3] [6] shows that all relief should be denied and this case dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it is duplicative of previous unsuccessful lawsuits Plaintiff has filed.

## I. BACKGROUND

On November 8, 2017, a Harrison County, Mississippi jury found Plaintiff guilty of aggravated assault. Order [31] at 3, *Williams v. Cain,* 1:20-cv-286-LG-RPM (S.D. Miss. July 23, 2021). Plaintiff was sentenced to twenty-years imprisonment in the custody of the Mississippi Department of Corrections (MDOC) with five years suspended. *Id.* This case is Plaintiff's fourth attempt in this Court to challenge his 2017 aggravated assault conviction and sentence on the basis that he was arrested, indicted, convicted, sentenced, and incarcerated under the name "Merlin Kent Williams" instead of "Merlin Lkent Williams." Compl. [1] at 7. Plaintiff filed the first

three suits while he was incarcerated and this fourth suit while on earned-release supervision.

The first case Plaintiff filed regarding his 2017 Harrison County aggravated assault conviction and sentence was *Williams v. Schmidt,* No. 1:19-cv-00292-LG-RHW (S.D. Miss. Jul. 3, 2019). The only Defendant was the trial judge in Plaintiff's criminal case. The claims were dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because of absolute judicial immunity and the doctrine of *Heck v. Humphrey,* 512 U.S. 477 (1994).

*Williams v. Cain* was the second case Plaintiff filed regarding his 2017 Harrison County aggravated assault conviction and sentence. No. 1:20-cv-286-LG-RPM (S.D. Miss. Aug. 18, 2021). It was a petition for writ of habeas corpus under 28 U.S.C. § 2254 that named as Defendants MDOC Commissioner Burl Cain and former Mississippi Governor Phil Bryant. The petition was dismissed with prejudice as time barred. Plaintiff appealed, and the Court of Appeals for the Fifth Circuit denied a certificate of appealability. *See Williams v. Cain,* No. 22-60361 (5th Cir. Oct. 28, 2022).

*Williams v. State of Mississippi et al.,* was the third case Plaintiff filed regarding his 2017 Harrison County aggravated assault conviction and sentence. No. 3:23-cv-22-CWR-LGI (S.D. Miss. Mar. 20, 2023). Plaintiff named as Defendants: State of Mississippi, "Harrison County Sheriff Dept. A.D.C.," Gulfport Police Department, Harrison County Circuit Court, Mississippi Department of Corrections, United States National Criminal Information Center, and "Et Cetera Alia Defendants." Am.

Compl. [6], No. 3:23-cv-22-CWR-LGI. The Court found that "Plaintiff's allegations duplicate the allegations of at least two of Plaintiff's previously dismissed civil actions, *Williams v. Cain*, No. 1:20-cv-286 (S.D. Miss. Aug. 18, 2021) (Habeas Corpus case), and *Williams v. Schmidt*, No. 1:19-cv-292 (S.D. Miss. July 3, 2019) (§ 1983 civil action). Both civil actions were dismissed with prejudice." Order [23], No. 3:23-cv-22-CWR-LGI. The third suit too was dismissed with prejudice, this Court finding that it was malicious, frivolous, and failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff appealed, and his appeal was dismissed as frivolous. *See Williams v. State of Mississippi et al.*, No. 23-60180 (5th Cir. Sept. 8, 2023). The Fifth Circuit's opinion observed that "[b]ecause Williams has accumulated three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g)."

## II. DISCUSSION

### A. Standard of Review

Plaintiff was not incarcerated or detained in a facility when he filed this suit. Nevertheless, he has been granted leave to proceed in forma pauperis, and his Complaint is reviewed under § 1915(e)(2). "The mandatory screening procedures in Section 1915(e) . . . apply to prisoners and non-prisoners proceeding IFP alike." *Adimora-Nweke v. McGraw*, No. 23-50744, 2024 WL 2874561, at *3 (5th Cir. June 7, 2024). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on

which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989). This is because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Pittman*, 980 F.2d at 994. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." *Id.* at 995.

While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2) as Frivolous</u>

This is the fourth suit by Plaintiff in this Court challenging his 2017 aggravated assault conviction and sentence on the basis that he was arrested, indicted, convicted, sentenced, and incarcerated under the name "Merlin Kent Williams" instead of "Merlin Lkent Williams." Plaintiff's instant Complaint names Defendants that Plaintiff has named before and adds over twenty-five more Defendants. Plaintiff frames his claims as constitutional claims, property claims, and

tort claims. Regardless of how Plaintiff attempts to frame his claims, "he has not raised a nonfrivolous argument attempting to show that this [fourth] attempt to challenge his conviction on the basis that he was wrongfully convicted for the crimes of 'Merlin Kent Williams' is not malicious, even if he disagreed with the rulings in his prior cases." *Williams v. State of Mississippi et al.,* No. 23-60180 (5th Cir. Sept. 8, 2023). Plaintiff's "Petition for Release" [3], "Motion to Show Cause" [4], and "Motion Seeking Prospective Equitable Relief as a Permanent Injunction" [6] should be denied and the Complaint [1] dismissed as frivolous under § 1915(e)(2).

### III. NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within 14 days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party must file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report will bar that party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within 14 days after being served with a copy will bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings

5

and legal conclusions that the district court has accepted and for which there is no written objection. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**SIGNED,** this the 17th day of October, 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE